```
UNITED STATES DISTRICT COURT           FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MARIO PEREZ,                           :
                                       :    MEMORANDUM
                  Petitioner,          :    AND ORDER
                                       :
    -against-                          :    04 CV 4421 (JG)
                                       :
ANTHONY F. ZON, Superintendent,        :
Wende Correctional Facility,           :
                                       :
                  Respondent.          :
---------------------------------------------------------------X
```

JOHN GLEESON, United States District Judge:

        Mario Perez moves under Fed. R. Civ. P. 60(b)(6), asking that I reconsider my decision to deny his petition for a writ of habeas pursuant to 28 U.S.C. § 2254. *See Perez v. Zon*, No. 04-CV-4421 (JG), 2005 WL 503933 (E.D.N.Y. Feb. 2, 2005). I assume familiarity with the facts of the underlying conviction described in that decision. I denied the writ on the grounds that (1) it was untimely; (2) in any event, Perez could not establish a violation of his Sixth Amendment right to the effective assistance of counsel; (3) Perez's "actual innocence" claims were unavailing; and (4) Perez's Confrontation Clause claim was without merit. The Court of Appeals denied Perez's appeal of that decision on August 24, 2005. *See* Docket Entry 24.

        At issue now is a police report that Perez obtained pursuant to the New York Freedom of Information Law ("FOIL") on April 12, 2005. That report contains the notes of an interview of Raymond Centano. *See* Aff. of Mario Perez Ex. A, Nov. 15, 2006. According to the report, Centano saw, just after the shooting, a Hispanic male, approximately 25 years old, 5'9'' in height, with brown hair and a moustache, leaning over the victim. *See id.* The male said to a companion, "Let's get out of here," and fled in a black Pontiac. *Id.* Perez claims the report indicates that Raymond Centano might have provided exculpatory testimony at trial, and thus

provides new, reliable evidence of Perez's "actual innocence."

Perez has twice previously set forth claims predicated on the Centano report. Both claims failed. On March 24, 2006, the Supreme Court, Kings County rejected Perez's argument that his trial counsel was ineffective because he failed to call Centano to testify on Perez's behalf. *See People v. Perez*, No. 1173/86 (N.Y. Sup. Ct. Mar. 25, 2006) (Carroll, J.). In the first place, the court held that Perez's motion pursuant to N.Y. Crim. Proc. Law § 440.10 to vacate his conviction was procedurally barred because, *inter alia*, Perez "fail[ed] to explain why it took seventeen years to make a FOIL request for police documents, and failed to show that defense counsel ever had this document in his possession." *Id.* at 5. The court also rejected Perez's argument on its merits, reasoning that (1) "there is no indication that Mr. Centano ever saw who was the real shooter," (2) "the discrepancies in the description between the man Mr. Centano saw and the defendant are not as 'distant' as claimed by the defendant," *id.* at 14 (noting further than the man Centano described wore a moustache, as did the defendant), (3) the car Centano saw was different than the car both sides at trial agreed was present, and (4) Centano, if called, might have placed defendant at the scene of the shooting. *Id.* The court denied the motion to vacate.

Subsequently, on July 31, 2006, Perez filed in this Court a successive petition for a writ of habeas corpus, raising the ineffective assistance claim that had lost in state court. As I had already decided Perez's ineffective assistance claim, I forwarded the petition to the Second Circuit, which denied me authorization to consider the successive petition on October 23, 2006. *See* Docket No. 06-CV-3856, Docket Entries 5 & 6.

2

Perez now recasts his argument as a Rule 60(b)(6) motion for reconsideration.[1] He argues that the Centano report is evidence of his "actual innocence." I pass over the question whether this claim is before me as, in substance, a successive petition presenting "new evidence in support of a claim already litigated," *Gonzalez v. Crosby*, 125 S. Ct. 2641, 2647 (2005), because I conclude that the claim is untimely and without merit.

Perez had the opportunity to raise this "actual innocence" claim when he filed his second petition on July 31, 2006. Perez had the Centano report in hand for that filing, and indeed raised virtually identical arguments to those in the instant motion, albeit wrought in the language of ineffective assistance. A Rule 60(b) challenge "shall be made within a reasonable time" when proceeding under subsection (6). Fed. R. Civ. P. 60(b). Perez offers no justification for why he delayed raising his "actual innocence" claim until several months after his successive petition. I conclude that the delay was unreasonable.

What is more, the claim is without merit. "[A]n attack on the integrity of a previous habeas proceeding using subsection (6) of Rule 60(b) is viable only in 'extraordinary circumstances.'" *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). Assuming *arguendo* that an actual innocence claim can present such a circumstance, Perez does not persuade me that in light of the Centano report it is "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d

---

[1] At times, Perez challenges not my denial of the writ but the state court's March 25, 2006 denial of his motion to vacate the underlying conviction. *See* Perez Aff. 21 ("Perez Claim[s] that the State Court did not Properly[] Analyze His Actual Innocence claim and therefore it should Preclude[] [sic] review of his claim."); *id.* ("[T]he petitioner asserts in his motion a request[] for an evidentiary hearing that[] the State Court prematurely denied[] him."). Insofar as these aspects of his application are really just challenges to his underlying conviction, the application is denied as beyond the scope of Fed. R. Civ. P. 60(b). *See Gonzales v. Crosby*, 125 S. Ct. 2641, 2647 (2005). At other times, Perez reiterates his ineffectiveness claim. As I have mentioned, Perez's successive petition based upon that claim was denied by the Court of Appeals.

107, 114 (2d Cir. 2000) (citing *Schlup v. Delo*, 513 U.S. 298, 299, 327-28 (1995)). Among other reasons, as the state court held, the report says nothing about who performed the shooting and the description offered is not unlike petitioner. To be sure, the Centano report indicated a different car than the one the evidence indicated was at the scene at trial, but this discrepancy could just as well indict the plausibility of Centano's testimony as the viability of the jury's conviction. It does not tip the scale so far against the conviction to allow me to conclude by a preponderance that *no* reasonable jury could have found Perez guilty.

Accordingly, the motion is denied. If it was Perez's intention to file a successive petition, he is hereby notified that the application should be presented to the Court of Appeals.

So ordered.


John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
February 8, 2007